UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*(Southern Division)*

| | |
|---|---|
| **ROBERT E. MEYER, AS BENEFICIARY OF THE ROBERT E. MEYER (IRA),** derivatively on behalf of NOVAVAX, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>**STANLEY C. ERCK, GREGORY F. COVINO, JOHN J. TRIZZINO, JAMES F. YOUNG, GREGG ALTON, RICHARD DOUGLAS, RACHEL KING, MARGARET G. MCGLYNN, MICHAEL A. MCMANUS, JR., RAJIV I. MODI, and DAVID MOTT**<br><br>*Defendants*,<br><br>and<br><br>**NOVAVAX, INC.**<br><br>*Nominal Defendant.* | Lead Case No.: 8:21-cv-02996-TDC |

## STIPULATION AND [PROPOSED] ORDER STAYING LITIGATION

Plaintiffs Robert Meyer ("Meyer"), as beneficiary of the Robert E. Meyer (IRA), and Shui Shing Yung ("Yung," and together with Meyer, "Plaintiffs"), along with Defendants Stanley C. Erck, Gregory F. Covino, John J. Trizzino, James F. Young, Gregg H. Alton, Richard H. Douglas, Rachel K. King, Margaret G. McGlynn, Michael A. McManus, Jr., Rajiv I. Modi, David M. Mott, and Gary C. Evans (collectively, the "Individual Defendants"), and nominal defendant Novavax, Inc. ("Novavax" or the "Company," and together with the Individual Defendants, "Defendants") (Defendants and Plaintiffs together, the "Parties"), pursuant to this Court's order of March 25, 2022 directing the Parties to file a briefing schedule on Defendants' response to the consolidated

1

amended complaint, including any motion to dismiss and/or a motion to stay (ECF No. 18), hereby state as follows:

WHEREAS, on November 22, 2021, Plaintiff Meyer filed a shareholder derivative action captioned *Meyer v. Erck, et al.,* Case No. 8:21-cv-02996-TDC, on behalf of nominal defendant Novavax in this Court alleging breach of fiduciary duty against the Individual Defendants, and alleging insider selling and misappropriation of information and unjust enrichment against Defendant David M. Mott (the "*Meyer* Action").

WHEREAS, on December 21, 2021, Plaintiff Yung filed a shareholder derivative action captioned *Yung v. Erck, et al.*, Case No. 8:21-cv-03248-TDC, on behalf of nominal defendant Novavax in this Court alleging breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets against the Individual Defendants—with the exception of Defendant Modi—as well as alleging violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Defendants Erck, Alton, Douglas, Evans, King, McGlynn, McManus, Mott, and Young and seeking contribution from Defendants Erck, Covino, and Trizzino under Sections 10(b) and 21D of the Exchange Act (the "*Yung* Action").

WHEREAS, on January 25, 2022, the Court issued an order directing the parties to submit a proposed schedule for filing an answer, a joint proposed briefing schedule for filing a motion to dismiss, and/or a joint proposed briefing schedule for filing a motion to stay by March 25, 2022. ECF No. 14.

WHEREAS, on February 4, 2022, the Court entered an order consolidating the *Meyer* Action and the *Yung* Action (the "Consolidated Action").  ECF No. 16.

WHEREAS, on March 25, 2022, the Court entered an order directing Plaintiffs to file an amended complaint for the Consolidated Action and the Parties to file a briefing schedule on

2

Defendants' response to the amended consolidated complaint, including any motion to dismiss and/or a motion to stay, within ten days after the filing of the amended complaint. ECF No. 18.

WHEREAS, on April 25, 2022, Plaintiffs filed a Verified Amended Consolidated Stockholder Derivative Complaint (the "Amended Complaint"), adding Gregory Glenn as a Defendant and alleging violations of Sections 14(a), 10(b), and 21D of the Exchange Act, breach of fiduciary duty, unjust enrichment, gross mismanagement, waste, and insider selling. ECF No. 19.

WHEREAS, the Consolidated Action is substantially related to a securities class action pending before this Court, captioned *Sothinathan Sinnathurai v. Novavax, Inc.*, *et al.*, C.A. No. 8:21-cv-02910-TDC (D. Md.) (the "Related Securities Action").

WHEREAS, the Parties to the Consolidated Action have conferred regarding the Amended Complaint and the Related Securities Action and, in the interest of judicial economy, the Parties have agreed that all proceedings and deadlines in the Consolidated Action should be stayed pending the earlier of (i) the filing of an answer to the operative complaint in the Related Securities Action, or (ii) the dismissal of the Related Securities Action with prejudice.

WHEREAS, otherwise reserving all rights and waiving none, Novavax has agreed to produce certain documents in response to certain limited discovery requests in the Consolidated Action should the case be stayed as requested by the Parties. Specifically, Novavax has agreed to produce to Plaintiffs any documents that Novavax produces during the pendency of the stay, or produced before the stay went into effect, to any plaintiffs in any related derivative action that is filed on behalf of Novavax arising from substantially similar facts and asserting substantially similar claims as the Consolidated Action ("Related Derivative Action"), and any documents that Novavax produces during the pendency of the stay, or before the stay went into effect, to any

purported shareholders in response to a books and records demand arising from substantially similar factual allegations and asserting substantially similar claims as the Consolidated Action ("Books and Records Demand").  Novavax's agreement to produce the above-described documents in response to discovery demands in the Consolidated Action is subject to the Parties first entering into a confidentiality agreement, and shall not otherwise affect the Parties' rights or waive any arguments the Parties may have regarding additional discovery in the Consolidated Action.

NOW, THEREFORE, IT IS HEREBY STIPULATED, subject to the Court's approval, as follows:

1. All proceedings and deadlines in the Consolidated Action, including the requirement that any Defendant move, answer, or otherwise respond to the Complaint, shall be stayed pending the earlier of (i) the filing of an answer to the operative complaint in the Related Securities Action, or (ii) the dismissal of the Related Securities Action with prejudice.

2. All defenses and objections to the Consolidated Action are preserved, including, without limitation, the failure of the Plaintiffs to make a pre-suit demand on Novavax's Board of Directors (the "Board").

3. Novavax shall produce to Plaintiffs all documents that Novavax produces during the pendency of the stay, or produced before the stay went into effect, (a) to any plaintiffs in any Related Derivative Action or (b) to any purported shareholders in response to a Books and Records Demand, in all cases subject to the Parties first entering into a confidentiality agreement. Novavax's agreement to produce certain limited discovery materials in response to demands in the Consolidated Action during the stay period shall not prejudice its right to challenge or object to

4

any additional discovery demands, or to seek any other relief with regard to any discovery demands.

4.  Defendants' counsel shall provide Plaintiffs' counsel with reasonable advance notice of any mediation and any formal settlement talks with the plaintiffs in the Related Securities Action, and Defendants shall in good faith endeavor to include Plaintiffs in such mediation. Defendants shall include Plaintiffs in any mediation and/or formal settlement talks with plaintiffs in any Related Derivative Action. If Plaintiffs are not included in a mediation in the Related Securities Action, Defendants will separately mediate with Plaintiff at or near the same time.

5.  During the pendency of the stay, Plaintiffs may file an amended consolidated complaint. Such a filing, in and of itself, will not affect the stay, and Defendants shall have no obligation to respond to any such amended complaint while the stay remains in effect.

6.  In the event any Related Derivative Action is filed in this Court or in another court and is not stayed, it will be deemed good cause if Plaintiffs seek an earlier termination of the stay in the Consolidated Action, provided that they give Defendants at least thirty days' written notice via email of the motion to lift the stay.

7.  Within fourteen (14) days after the lifting of the stay, the parties in the Consolidated Action shall meet and confer regarding future case scheduling and will submit an update on the status of the Consolidated Action or a proposed scheduling stipulation for this Court's review and approval.

**IT IS SO STIPULATED.**

Respectfully Submitted By:

DATED: May 9, 2022

**ROPES & GRAY LLP**

*/s/*

C. Thomas Brown (*pro hac vice*)
Prudential Tower
800 Boylston Street

Boston, MA 02199
Telephone: (617) 951-7464
Facsimile: (617) 951-7050
Email: thomas.brown@ropesgray.com

Edward R. McNicholas
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 508-4779
Facsimile: (202) 383-8349
Email: edward.mcnicholas@ropesgray.com

*Counsel for Defendants*

**MURPHY, FALCON & MURPHY**

_____*/s/*_____
Nikoletta S. Mendrinos (Bar No.: 18961)
One South Street, 30th Floor
Baltimore, MD 21202
Telephone: (410) 539-6500
Facsimile: (410) 539-6599
Nikoletta.mendrinos@murphyfalcon.com

*Liaison Counsel for Plaintiff Shui Shing Yung*

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Shui Shing Yung*

**GOLDMAN & MINTON, P.C.**
_____*/s/*_____
Thomas J. Minton (Bar No.: 03370)
3600 Clipper Mill Road, Suite 201
Baltimore, MD 21211
PH (410) 783-7575
FAX (410) 783-1711
Email: tminton@charmcitylegal.com

*Liaison Counsel for Robert E. Meyer, as Beneficiary of the Robert E. Meyer (IRA)*

**HYNES & HERNANDEZ, LLC**
Michael J. Hynes
Ligaya T. Hernandez
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (484) 875-3116
Email: lhernandez@hh-lawfirm.com
Email: mhynes@hh-lawfirm.com

*Counsel for Robert E. Meyer, as Beneficiary of the Robert E. Meyer (IRA)*

**LAW OFFICE OF DEBRA S. GOODMAN P.C.**

Debra S. Goodman
1301 Skippack Pike, Suite7A#133
Blue Bell, PA 19422
Telephone: (610) 277 -6057

*Additional Counsel for Robert E. Meyer, as Beneficiary of the Robert E. Meyer (IRA)*

**IT IS SO ORDERED:**

DATED:

_____
HONORABLE THEODORE D. CHUANG
UNITED STATES DISTRICT JUDGE