**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE NOVAVAX INC. STOCKHOLDER DERIVATIVE LITIGATION | Master File No.: 8:21-cv-02996-TDC |
| This Document Relates To:<br><br>ALL ACTIONS | (Consolidated with: No. 8:22-cv-01415-TDC and No. 1:22-cv-01417-TDC) |

# [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF DERIVATIVE SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

WHEREAS, (i) the Special Litigation Committee of the Board of Directors of Novavax Inc. (the "Special Litigation Committee" or "SLC"); (ii) Plaintiffs Amy Snyder, Charles R. Blackburn, Michele Rosati, Robert Meyer, as beneficiary of the Robert E. Meyer (IRA), and Shui Shing Yung (collectively, "Plaintiffs"); (iii) nominal defendant Novavax Inc. ("Novavax" or "the Company"), a Delaware corporation; (iv) Defendants Stanley C. Erck, John J. Trizzino, Gregory M. Glenn, John A. Herrmann III, David M. Mott, Michael A. McManus, and James F. Young (collectively, the "Defendants," and with the SLC and Plaintiffs, the "Settling Parties") have entered into a Stipulation and Agreement of Compromise, Settlement,

and Release dated November 22, 2024 (the "Stipulation"), which sets forth the terms and conditions for the proposed settlement (the "Settlement") of the above-captioned action (the "Action"), subject to review and approval by this Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure upon notice to Current Novavax Stockholders (as defined below);

**NOW**, upon application of the parties to the Action, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto,

**IT IS HEREBY ORDERED** this ___ day of __________, 202_, as follows:

1. Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for the purposes of this order.

2. The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation and the exhibits attached thereto, subject to further consideration at the Settlement Hearing to be held as described below.

3. A hearing (the "Settlement Hearing") shall be held on __________________, 202_, at _______ a.m./p.m., at the United States District Court for the District of Maryland, Southern Division, 650 Cherrywood Lane, Greenbelt, MD 20770, or as may be undertaken via a remote proceeding such as Zoom or by telephone conference, to, among other things, (a) determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate and in the best interests of Novavax and all Current

Novavax Stockholders; (b) determine whether the Court should finally approve the Settlement and enter the Judgment, substantially in the form attached as Exhibit D to the Stipulation, dismissing the Action with prejudice against Defendants, and extinguishing and releasing the Released Claims as against the Released Persons; (c) consider Plaintiffs' Counsel's application for an all-in award of attorneys' fees and litigation expenses to Plaintiffs' Counsel (the "Fee and Expense Award"); and (d) consider any other matters that may properly be brought before the Court in connection with the Settlement. Novavax stockholders should check the Court's docket and the Court's website in advance of the Settlement Hearing to determine whether that hearing will occur in person at the Court or via a remote link or teleconference.

4. The Settlement Hearing may be adjourned by the Court from time to time without further notice to Current Novavax Stockholders other than by announcement at the Settlement Hearing or other adjournment thereof, or a notation on the docket in the Action.

5. The Court reserves the right to approve the Settlement at or after the Settlement Hearing, with such modifications as may be consented to by the Settling Parties, and without further notice to the Current Novavax Stockholders. The Court retains jurisdiction over this Action to consider further applications arising out of or connected with the proposed Settlement.

6. The Court: (a) approves, as to form and content, the Notice of Pendency and Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear (the "Notice") filed by the parties with the Stipulation as Exhibit C; and (b) finds that the mailing of the Notice in the manner set forth herein (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Current Novavax Stockholders of the pendency of the Action, the effect of the proposed Settlement (including the Releases to be provided thereunder), Plaintiffs' Co-Lead Counsel's application for a Fee and Expense Award in connection with the Settlement, Current Novavax Stockholders' rights to object to any aspect of the Settlement, including Plaintiffs' Co-Lead Counsel's application for a Fee and Expense Award, and to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice when it is distributed.

7. No later than ten (10) business days after the entry of this Preliminary Approval Order (the "Notice Date"), Novavax shall mail, or cause to be mailed, by first class U.S. mail or other mail service if mailed outside the U.S., postage pre-paid, the Notice, substantially in the form annexed as Exhibit C to the Stipulation,

to all Current Novavax Stockholders who are record owners of Novavax common stock as of the close of business on November 22, 2024 at their last known address appearing in the stock transfer records maintained by or on behalf of Novavax. All Current Novavax Stockholders who are record holders of Novavax common stock on behalf of beneficial owners shall be directed to either: (i) within seven (7) calendar days of receipt of the Notice, request from the settlement administrator retained by Novavax for this Settlement (the "Settlement Administrator") sufficient copies of the Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notices, forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to the Settlement Administrator, in which event the Settlement Administrator shall promptly mail the Notice to such beneficial owners.

8. No later than ten (10) business days after the entry of this Preliminary Approval Order, Novavax shall cause copies of the Notice and this Stipulation to be posted on Novavax's website, which documents shall remain posted on that website through the Effective Date of the Settlement.

9. Novavax shall pay any and all costs and expenses related to providing notice of the proposed Settlement ("Notice Costs") regardless of whether the Court declines to approve the Settlement or the Effective Date otherwise fails to occur. In

no event shall Plaintiffs, any other Novavax stockholder, the Defendants, or any of their attorneys (including Plaintiffs' Co-Lead Counsel) be responsible for any Notice Costs.

10. At least ten (10) business days prior to the Settlement Hearing, Novavax shall file with the Court proof, by affidavit or declaration, of such mailing.

11. As set forth in the Notice, any Current Novavax Stockholder who continues to own shares of Novavax common stock through the date of the Settlement Hearing and who objects to the proposed Settlement, the proposed Judgment to be entered in connection with the Settlement, or Plaintiffs' Co-Lead Counsel's application for a Fee and Expense Award, or who otherwise wishes to be heard ("Objector"), may appear in person (or, as permitted by the Court, by a remote proceeding such as Zoom or by telephone conference if the Settlement Hearing is conducted in such manner) or by his, her, or its attorney at the Settlement Hearing and present any evidence or argument that may be proper and relevant; provided, however, that no Objector shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon, or Plaintiffs' Co-Lead Counsel's application for a Fee and Expense Award, unless he, she, or it has, no later than twenty-one (21) calendar days before the Settlement Hearing (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown), filed a signed,

written objection with the Clerk of the Court, U.S. District Court for the District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770, and served such objection upon each of the following counsel (i) by hand, first class U.S. mail, or express service, and (ii) by email:

*Counsel for the Special Litigation Committee*

WILSON SONSINI GOODRICH & ROSATI
Brad D. Sorrels
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 304-7600
bsorrels@wsgr.com

*Counsel for Plaintiffs*

LEVI & KORSINSKY, LLP
Gregory M. Nespole
33 Whitehall Street, 17th Floor
New York, NY 10004
(212) 363-7500
gnespole@zlk.com

ROBBINS LLP
Brian J. Robbins
5040 Shoreham Place
San Diego, CA 82122
(619) 525-3990
brobbins@robbinsllp.com

GLANCY PRONGAY & MURRAY LLP
Benjamin I. Sachs-Michaels
745 Fifth Avenue
New York, NY 10151
(212) 935-7400
bsachsmichaels@glancylaw.com

*Counsel for Defendants*

DLA PIPER LLP
John L. Reed
1201 North Market Street, Suite 2100
Wilmington, DE 19801
(302) 468-5700
john.reed@us.dlapiper.com

*Counsel for the Company*

ROPES & GRAY LLP
Peter L. Welsh
800 Boylston Street
Boston, MA 02199
(617) 951-7865
peter.welsh@ropesgray.com

12. Any objections must: (i) state the objection is being filed with respect to "*In re Novavax Inc. Stockholder Derivative Litigation*, Case No. 8:21-cv-02996-TDC"; (ii) state the name, address, and telephone number of the Objector and, if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (iii) be signed by the Objector; (iv) contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the Objector wishes to bring to the Court's attention; (v) contain a representation as to whether the objector and/or his, her, or its counsel intends to appear at the Settlement Hearing, and, if the Objector and/or his, her, or its counsel does intend to appear, the identity of any witnesses the Objector may call to testify and any exhibits the Objector intends to introduce into evidence at the

hearing; and (vi) include (1) documentation sufficient to prove that the Objector is a Current Novavax Stockholder (i.e., owned Novavax common stock as of the close of business on November 22, 2024), (2) documentation sufficient to prove that the objector continues to hold shares of Novavax common stock on the date of filing of the objection, and (3) a statement that the Objector will continue to hold shares of Novavax common stock as of the date of the Settlement Hearing. Documentation establishing ownership of Novavax common stock must consist of copies of an official brokerage account statement, a screen shot of an official brokerage account, or an authorized statement from the Objector's broker containing the information found in an account statement. The Settling Parties are authorized to request from any Objector additional information or documentation sufficient to prove his, her, or its holdings of Novavax common stock.

13. Any Person who fails to object in the manner prescribed above shall be deemed to have waived such objection (including the right to appeal), unless the Court in its discretion allows such objection to be heard at the Settlement Hearing, and shall forever be barred from raising such objection in this Action or any other action or proceeding or otherwise contesting the Settlement, Plaintiffs' Co-Lead Counsel's application for a Fee and Expense Award, or any other matter related to the Settlement, in the Action or any other action or proceeding, and will otherwise be bound by the Judgment to be entered and the releases to be given.

14. All papers in support of the Settlement and Plaintiffs' Counsel's request for an award of attorney's fees and expenses shall be filed with the Court and served on or before forty-two (42) days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than fourteen (14) calendar days prior to the Settlement Hearing.

15. At least ten (10) business days prior to the Settlement Hearing, the Settling Parties may file with the Court briefs in response to any objections made by an Objector pursuant to Paragraphs 10-11 above.

16. If the Settlement is approved by the Court following the Settlement Hearing, the Court shall enter the Judgment substantially in the form attached to the Stipulation as Exhibit D.

17. In the event that the Settlement is terminated in its entirety pursuant to the terms of Paragraph 6.1 of the Stipulation or the Effective Date otherwise fails to occur for any reason, the Settlement and the Stipulation shall be canceled and terminated; this Order (except as otherwise provided by the Stipulation) shall become null and void and be without prejudice to the rights of the Settling Parties and Current Novavax Stockholders; and all proceedings in, and parties to, the Action shall revert to their status in this Action as of November 22, 2024.

18. All discovery and other proceedings in this Action (except as may be necessary to carry out the terms and conditions of the proposed Settlement) are

hereby stayed and suspended until further order of the Court. Except as provided in the Stipulation, pending final determination of whether the Stipulation should be approved, all parties to the Action are hereby enjoined against instituting, commencing, prosecuting, continuing, or in any way participating in, whether directly, representatively, individually, derivatively on behalf of Novavax, or in any other capacity, any action or other proceeding asserting any Released Claims against the Released Persons, excluding any claims any Settling Party or Novavax has against their respective insurers, re-insurers, or co-insurers, to the extent such claims are not released pursuant to other documentation, and all Current Novavax Stockholders to the extent they are acting, or purporting to act, derivatively on behalf of Novavax, are hereby enjoined against instituting, commencing, prosecuting, continuing, or in any way participating in any action or other proceeding asserting any Released Claims against the Released Persons.

19. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further notice to anyone other than the parties to the Action and any Objectors.

____________________________________

THE HONORABLE THEODORE D. CHUANG
UNITED STATES DISTRICT JUDGE