**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE NOVAVAX INC. STOCKHOLDER DERIVATIVE LITIGATION | Master File No.: 8:21-cv-02996-TDC |
| This Document Relates To: ALL ACTIONS | (Consolidated with: No. 8:22-cv-01415-TDC, No. 8:21-cv-03248, and No. 1:22-cv-01417-TDC) |

**FINAL JUDGMENT AND ORDER**
**APPROVING DERIVATIVE SETTLEMENT**

For the reasons stated on the record at the March 7, 2025 Fairness Hearing:

1. The Motion for Final Approval of Derivative Settlement, ECF No. 133, is GRANTED.

2. The Motion for Attorneys' Fees and Expenses, and Service Awards, ECF No. 132, is GRANTED.

3. The Court issues this Final Judgment and Order Approving Derivative Settlement as follows:

WHEREAS, a consolidated stockholder derivative action is pending in this Court titled *In re Novavax Inc. Stockholder Derivative Litigation*, No. 8:21-cv-02996-TDC;

WHEREAS, a Stipulation of Compromise, Settlement, and Release (the "Stipulation") was made and entered into as of November 22, 2024, by and among: (i) the Special Litigation Committee of the Board of Directors of Novavax Inc. (the "Special Litigation Committee" or "SLC"); (ii) Amy Snyder, Charles R. Blackburn, Michele Rosati, Robert Meyer, as beneficiary of the Robert E. Meyer (IRA), and Shui Shing Yung (collectively, "Plaintiffs"); (iii) nominal defendant Novavax Inc. ("Novavax" or "the Company"), a Delaware corporation; (iv) Defendants Stanley C. Erck, John J. Trizzino, Gregory M. Glenn, John A. Herrmann III, David M. Mott, Michael A. McManus, and James F. Young (collectively, the "Defendants");

WHEREAS, by order dated December 12, 2024 (the "Preliminary Approval Order"), the Court (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to Novavax stockholders; (c) provided Novavax stockholders with the opportunity to object to the proposed Settlement and Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees and expenses; and (d) scheduled a hearing regarding final approval of the settlement;

WHEREAS, the Court conducted a hearing on March 7, 2025 to consider, among other things, (a) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to Novavax and its stockholders, and should be approved by the Court; (b) whether a judgment should

be entered dismissing the claims in the Action with prejudice; and (c) whether the application by Plaintiffs' Co-Lead Counsel for an award of attorneys' fees and expenses should be approved; and

WHEREAS, it appearing that due notice of the terms of the Settlement and Releases and the Settlement Hearing has been given in accordance with the Preliminary Approval Order, the Parties having appeared by their respective attorneys of record, the Court having heard and considered the submissions and evidence presented in support of the proposed Settlement, the opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Preliminary Approval Order, and the Court having determined that notice of the proposed Settlement was adequate and sufficient, and the entire matter of the proposed Settlement having been heard and considered by the Court;

**IT IS HEREBY ORDERED,** this 7th day of March, 2025 that:

1. Unless otherwise defined herein, all capitalized terms shall have the same meanings as set forth in the Stipulation and the Preliminary Approval Order.

2. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement of the Action, as well as personal jurisdiction over all of the Parties and each of the Current Novavax Stockholders, and it is further determined that the Settling Parties and all Current Novavax Stockholders, as well as their transferees, heirs, executors, successors, and assigns, are bound by this Order

and Final Judgment (the "Judgment").

3. The Notice has been provided to Current Novavax Stockholders pursuant to and in the manner directed by the Preliminary Approval Order, proof of mailing of the Notice was filed with the Court, and full opportunity to be heard has been offered to all Settling Parties and Current Novavax Stockholders. The Court finds that the form and means of the Notice was the best notice practicable under the circumstances and was given in full compliance with the requirements of Rule 23.1 of the Federal Rule of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules, and that all Current Novavax Stockholders, as well as their transferees, heirs, executors, successors, and assigns, are bound by this Judgment.

4. Based on the record in the Action, each of the provisions of Rule 23.1 of the Federal Rules of Civil Procedure have been satisfied, and the Action has been properly maintained according to the provisions of Rule 23.1.

5. The Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of Novavax and Current Novavax Stockholders.

6. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court fully and finally approves the Settlement in all respects, and the Settling Parties are directed to consummate the Settlement in accordance with the terms of the Stipulation. The Clerk of the Court is directed to enter and docket this Judgment.

7. The Action is hereby dismissed with prejudice as to the Settling Parties and all Current Novavax Stockholders. The foregoing dismissal is without fees or costs, except as otherwise provided in Paragraph 13 below or as otherwise provided in the Stipulation or the Preliminary Approval Order.

8. Upon the Effective Date, Plaintiffs, the members of the SLC, the Company, the Current Novavax Stockholders, the Defendants, and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, shall be deemed to have, and by operation of this Judgment shall have, completely discharged, dismissed with prejudice on the merits, released and settled, to the fullest extent permitted by law, the Released Claims against the Released Persons and shall be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any of the Released Claims against any of the Released Persons.

9. The Settling Parties are hereby authorized, without further approval from the Court, to agree to adopt such amendments, modifications, and expansions of the Stipulation that are consistent with this Judgment and the Stipulation and that do not materially limit the rights of the Settling Parties or Current Novavax Stockholders under the Stipulation. Without further order of the Court, the Settling

Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

10. Nothing in this Judgment shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

11. Neither this Judgment, nor the Settlement, nor any act or omission in connection therewith shall be deemed or argued to be evidence of or to constitute an admission or concession by: (a) the Defendants as to (i) the truth of any fact alleged by Plaintiffs, (ii) the validity of any claims or other issues raised, or which might be or might have been raised, in the Action or in any other litigation, (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or (iv) any wrongdoing, fault, or liability of any kind by any of them, which each of them expressly denies; or (b) Plaintiffs that any of their claims are without merit, that any of the Defendants or Released Persons had meritorious defenses, or that damages or other relief recoverable in the Action would not have exceeded the terms of the Settlement. The Settling Parties or any Released Persons may file the Stipulation and/or this Judgment in any action that has been or may be brought against them in order to support a claim or defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or in connection with any insurance litigation.

12. In the event that the Settlement is terminated pursuant to Paragraph 6.1 of the Stipulation or the Effective Date otherwise fails to occur for any other reason, then (i) the Settlement and the Stipulation (other than Section VI and Paragraph 3.5 thereof) shall be canceled and terminated; (ii) this Judgment and any related orders entered by the Court in this Action shall in all events be treated as vacated, *nunc pro tunc*; (iii) the Releases provided under this Judgment and the Stipulation shall be null and void; (iv) to the extent the Settlement Amount has been paid, it shall be repaid by Novavax to the persons and entities (including the insurers) who paid on behalf of the Defendants within fifteen (15) business days after termination of the Settlement; (v) the fact of the Settlement shall not be admissible in any proceeding before any court or tribunal; (vi) all proceedings in the Action shall revert to their status as of immediately prior to filing of the Stipulation of Settlement on November 22, 2024; and no materials created by or received from another Settling Party that were used in, obtained during, or related to settlement discussions shall be admissible for any purpose in any court or tribunal, or used, absent consent from the disclosing Settling Party, for any other purpose or in any other capacity, except to the extent that such materials are otherwise required to be produced during discovery in any other litigation; (vii) the Settling Parties shall jointly petition the Court for a revised schedule for further proceedings; and (viii) the Settling Parties shall proceed in all respects as if the Settlement and the Stipulation (other than Section VI and

Paragraph 3.5 thereof) had not been entered into by the Settling Parties.

13. Plaintiffs' Counsel are awarded attorneys' fees and expenses in the sum of $ 2,000,000 ("Fee and Expense Award"), which the Court finds to be fair and reasonable, to be paid in accordance with the terms of the Stipulation.

14. Plaintiffs are awarded service awards ("Service Awards") of $10,000 to Amy Snyder; $5,000 to Charles R. Blackburn; $5,000 to Michele Rosati; $2,000 to Robert Meyer; and $2,000 to Shui Shing Yung, in recognition of their participation and efforts in the prosecution of the Action to be awarded from the Fee and Expense Award.

15. No proceedings or Court order with respect to any Fee and Expense Award shall in any way disturb or affect this Judgment (including precluding the Judgment from being Final or otherwise being entitled to preclusive effect), and any such proceedings or Court order shall be considered separate from this Judgment.

16. Nothing in this Judgment dismisses or releases any claim by or against any Settling Party arising out of a breach of the Stipulation or violation of this Judgment.

17. Without affecting the finality of this Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration, enforcement, and consummation of the Settlement and this Judgment.

18. There is no just reason to delay the entry of this Judgment as a final judgment in the Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in the Action.

**IT IS SO ORDERED.**

THE HONORABLE THEODORE D. CHUANG
UNITED STATES DISTRICT JUDGE

Date: March 7, 2025